UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 12-50034 |
| | ) | Chapter 7 |
| SCOTT ANTHONY HADCOCK | ) | |
| SSN/ITIN xxx-xx-1593 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SCOTT ANTHONY HADCOCK | ) | Adv. No. 12-5008 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE: DEBTOR-PLAINTIFF'S |
| | ) | MOTION FOR JUDGMENT ON THE |
| STEVEN E. MYERS | ) | PLEADINGS AND DEFENDANT |
| and STEPHEN TURNER | ) | MYERS'S MOTION FOR JUDGMENT |
| | ) | AGAINST DEBTOR-PLAINTIFF |
| Defendants. | ) | |

The matters before the Court are Debtor-Plaintiff Scott Anthony Hadcock's Motion for Judgment on the Pleadings and Defendant Steven E. Myers's Motion for Judgment Against Scott Hadcock. These are core proceedings under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will grant Debtor-Plaintiff's motion and deny Defendant Steven E. Myers's motion, and the pre-petition claims and judgments held by Defendants Steven E. Myers and Stephen Turner will be discharged.

I.

Steven Myers and Stephen Turner provided construction-related services for Scott Anthony Hadcock. Hadcock did not pay them in full for the work performed. Turner obtained a state court judgment against Hadcock on February 16, 2011 for $1,768.00. Myers obtained a state court judgment against Hadcock on March 2, 2011 for $1,819.57.

Hadcock ("Debtor") filed a chapter 7 petition in bankruptcy on January 27, 2012. Debtor did not include either Myers or Turner on his schedule of creditors or on the mailing list of parties to receive the notice of the commencement of his bankruptcy case. Debtor received a general discharge of debts by order entered May 1, 2012.

On June 4, 2012, Debtor commenced an adversary proceeding and asked the Court to determine the claims and judgments held by Myers and Turner are discharged even though they did not receive official notice of the case when it was commenced. In seeking this declaration, Debtor relied on a particular code provision, 11 U.S.C. § 523(a)(3).

Myers and Turner each answered Debtor's complaint and stated Debtor asked them to do a "rush" job on some interior trim work so Debtor's client would qualify for certain tax incentives. Myers and Turner each further stated, "I did the framing and siding on this house and was paid in full. I had no reason to think I would not be paid for this additional interior trim work."

During the pre-trial proceedings, Myers informed the Court by letter he was now owed only $242.66, it appearing the homeowner had paid part of the claim. In a later filed document, Turner similarly advised the Court he was now owed only $196.58.

Shortly before the scheduled trial, Debtor filed a Motion for Judgment on the Pleadings under Federal Rule of Bankruptcy Procedure 12(c) and local bankruptcy rule 9014-3(b), which permit the Court to decide the matter based only on Debtor's complaint and each defendant's answer. In particular, Debtor argued neither defendant alleged his particular claim was excluded from discharge by application of

11 U.S.C. § 523(a)(2), (4), or (6), one of the two elements necessary for a debt to be excluded from discharge by application of § 523(a)(3). The Court cancelled the trial and set a deadline for Myers and Turner to respond to Debtor's motion.

Rather than filing an objection or other response to Debtor's motion, Myers filed his own Motion for Judgment Against Scott Hadcock. Myers stated "[t]he work was completed to [Debtor's] approval" and Debtor's failure to pay him caused a financial hardship. Myers also opined Hadcock should pay the expenses Myers incurred related to this adversary proceeding.

Turner filed a response to Debtor's motion. He stated Debtor got paid for the work he and Myers did and "[i]n my book, that's Em[b]ezzlement, But that['s] [another] matter." Turner also indicated he would not satisfy his judgment against Debtor until it was paid.

II.

Federal Rule of Civil Procedure 12(c)[1] governs motions for judgment on the pleadings. It provides:

> After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings.

In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d

---

[1] Federal Rule of Civil Procedure 12(c) is incorporated into adversary proceedings in bankruptcy cases through Federal Rule of Bankruptcy Procedure 7012(b).

736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))).  The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'"  *Waldron,* 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

Section 727(b) of the Bankruptcy Code provides a chapter 7 debtor is discharged from all debts that arose before the debtor's bankruptcy petition was filed. Section 523(a) creates several exceptions.  Some exceptions are automatic.  For example, if a debtor is behind on child support payments when he files bankruptcy, that child support debt is automatically not discharged and the debtor must still pay the child support debt.  11 U.S.C. § 523(a)(5).  The Court does not have to make a specific determination that the child support debt is excepted from discharge.

Other exceptions to discharge under § 523(a) are not automatic.  For those exceptions, the creditor is given a notice when the debtor's bankruptcy case is commenced.  The notice contains a deadline for creditors to ask the Court to determine if the creditor's particular claim should be excepted from discharge.  If the creditor does not seek a determination that his claim is excepted from discharge by that deadline or if he does seek such a determination but the Court concludes an exception in § 523(a) does not apply, the creditor's claim is discharged.  The types of claims that may be excluded through this process include, for example, debts arising from particular types of fraud.

Occasionally, a debtor will fail to list a creditor on the case mailing list and the

creditor will not receive notice of the case in time to file a proof of claim or seek a determination that his claim should be excepted from discharge. Section 523(a)(3) of the Bankruptcy Code addresses that situation. It provides that even if a debtor forgets to schedule a particular debt, the debt will be discharged unless: (1) the trustee found assets, creditors were directed to file proofs of claim, and the unscheduled creditor did not get an opportunity to file a proof of claim; and (2) the unscheduled creditor's claim should be excepted from discharge because it arose from the debtor's fraud, as further defined by § 523(a)(2), (4), or (6).

When a § 523(a)(3) determination is placed before the Court, the debtor bears the burden of demonstrating the creditor had actual notice of the case even though the creditor did not get served with the notice of commencement of case. *See IRS v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240, 1244 (8th Cir. 1997). The creditor must demonstrate, by a preponderance of the evidence, that his claim arose from one of the fraud-related exceptions set forth in § 523(a)(2), (4), or (6). *Grogan v. Garner*, 498 U.S. 279 (1991); *Wright v. Gulf Insurance Co. (In re Wright)*, 266 B.R. 848, 850-51 (Bankr. E.D. Ark. 2001).

> [E]vidence presented must be viewed consistent with the congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the [Bankruptcy] Code. [Cite omitted.]

*Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287 (8th Cir. 1987)(quoting *Jennen v. Hunter (In re Hunter)*, 771 F.2d 1126, 1130 (8th Cir. 1985)); *see The Merchants National Bank of Winona v. Moen (In re Moen)*, 238 B.R. 785, 790-91 (B.A.P. 8th Cir. 1999).

When all is said and done, § 523(a)(3) accomplishes two things. First, it

protects the unscheduled creditor from having his claim discharged if he did not get notice of the case in time to file a proof of claim and file a nondischargeability complaint under § 523(a)(2), (4), or (6). *Mitchell v. Bigelow* (*In re Mitchell*), 418 B.R. 282, 286 (B.A.P. 8th Cir. 2009). Second, § 523(a)(3) ensures an unscheduled creditor is treated the same as other similarly situated creditors that the debtor remembered to put on his schedules. *Stefani v. Hiltz* (*In re Stefani*), Bankr. No. 05-40277, Adv. No. 07-4037, 2007 WL 1960591, *1 (Bankr. D.S.D. July 2, 2007) (citing *Hauge v. Skaar* (*In re Hauge*), 232 B.R. 141, 146-50 (Bankr. D. Minn. 1999)).

In most chapter 7 cases, the trustee is unable to find nonexempt assets to liquidate to pay creditors. In those cases, colloquially known as "no-asset" cases, creditors are not asked to file a proof of claim. For the claim held by an unscheduled creditor to be discharged in a no-asset case, § 523(a) requires only that the unscheduled creditor did not hold a fraud-based claim under § 523(a)(2), (4), or (6) against the debtor. *In re Wagner*, Bankr. No. 01-01490, 2008 WL 1968803 (Bankr. N.D. Iowa May 6, 2008).

III.

In the bankruptcy case before the Court today, the case trustee did not find any nonexempt assets to liquidate to pay claims; thus, the trustee never asked creditors to file proofs of claims. Therefore, for Myers's and Turner's claims to be declared discharged under § 523(a)(3), the Court must find their claims did not arise from fraud or another bad act as specifically defined by § 523(a)(2), (4), or (6). While Turner made a passing reference to embezzlement in his response to Debtor's Motion for Judgment on the Pleadings, neither his nor Myers's answer set forth any specific

allegations of fraud or embezzlement, and they did not dispute any material facts in Debtor's Complaint to Determine Dischargeability of Debt. As such, there is nothing in their answers to suggest Myers's or Turner's claims arose from anything but a business deal gone awry. *Reshetar Systems, Inc. v. Thompson* (*In re Thompson*), 686 F.3d 940, 947 (8th Cir. 2012) (subcontractor's right to be paid did not give it an ownership interest in the funds held by the general contractor; the general contractor's failure to pay subcontractor constituted a breach of contract, not a nondischargeable embezzlement).

As this Court has previously noted,

[s]ubsections (a)(2), (4), and (6) each governs a different type of fraud or bad act. In a nutshell, subsections (a)(2)(A) and (B) except from discharge debts that arose from some—but not all—types of fraudulent oral or written statements made by the debtor. Subsection (a)(4) covers fraud by a debtor who is a fiduciary, *e.g.*, a trust manager, and larceny or embezzlement by a debtor. Subsection (a)(6) excepts from discharge debts that arose because the debtor willfully and maliciously injured the creditor or his property.

Stefani, 2007 WL 1960591 at *2 (Bankr. D.S.D. July 2, 2007). Subsections 523(a)(2), (4), and (6) each contain two or more elements that the creditor must specifically establish by a preponderance of evidence.[2] Myers and Turner made no specific allegations their claims are excepted from discharge under § 523(a)(2)(a), (a)(2)(B), (4), or (6). Consequently, even after considering Myers's and Turner's answers in the best light possible, no factual disputes are presented, and Debtor is entitled to judgment as a matter of law. Debtor's Motion for Judgment on the

---

[2] For example, a creditor who wants its claim excepted from discharge for embezzlement must prove: (1) the debtor came into lawful possession of funds belonging to another; and (2) the debtor appropriated or used the funds for his own benefit by a fraudulent intent or deceit. *First National Bank of Fayetteville, Arkansas v. Phillips* (*In re Phillips*), 882 F.2d 302, 304 (8th Cir. 1989).

Pleadings must be granted, and Myers's and Turner's claims are not excepted from discharge.

Because Myers's and Turner's pre-petition claims are discharged, § 524(a)(1) of the Bankruptcy Code also voids Debtor's personal liability on any judgments Myers and Turner obtained in state court.  Hereafter, Myers and Turner may not try to collect their judgments from Debtor.[3]  Efforts to do so would violate the discharge injunction, 11 U.S.C. § 524(a)(2), and could subject them to contempt proceedings or an order to pay damages.  *See DuBois v. Ford Motor Credit Co.*, Civ. No. 00-1446, 2001 WL 290353, *2-6 (D. Minn. Jan. 19, 2001) (discussing remedies for violation of the discharge injunction).

An order will be entered granting Debtor's motion and denying Myers's motion, and a judgment will be entered declaring Myers's and Turner's pre-petition claims are discharged and Debtor's personal liability on Myers's and Turner's judgments is void.

Dated: October 17, 2012.

BY THE COURT:

[signature]

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[3]  If Turner's and Myers's judgments attached to any property pre-petition as a lien, that judgment lien may still be enforceable, depending on what kind of property was attached.  *See, e.g., In re Darden*, No. 8:07CV10, 02-80078, 2007 WL 1434898, *5 (D. Neb. May 14, 2007) (a judicial lien attached to property is a liability *in rem* [and] is not routinely discharged at the conclusion of the bankruptcy case) (cites therein).